UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY K. JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY OF MINNESOTA<br>CROOKSTON,<br><br>　　　　　Defendant. | Civil No. 13-1862 (MJD/FLN)<br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) He did not pay any filing fee for this action, but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated July 19, 2013, (Docket No. 7), Plaintiff was informed that his IFP application would not be addressed, and his case would not go forward, until after he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1).

　　　　Plaintiff recently paid his initial partial filing fee, (Docket No. 9), and thus the matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint must be dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

　　　　Plaintiff is a Minnesota state prison inmate who is currently incarcerated at the Minnesota Correctional Facility in Lino Lakes, Minnesota. The caption of Plaintiff's current complaint indicates that he is attempting to sue Defendant "University of Minnesota

Crookston" under 42 U.S.C. § 1983.

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Medical negligence on the part of campus Health service staff causing malignance of medical condition resulting in medical and mental health cost and discrimination to continue courses due to disability.
>
> The chancellor peter phiah, ordered the plaintiff's termination of attendance at the University of Minnesota Crookston, based upon behaviors identified with mental health issues. Upon thorough investigation, the U.S. Department of Education office for Civil Rights determined the matter discrimination because of disability."

(Complaint, [Docket No. 1], p. 1, ["Statement of Claim"]; Attachment [Docket No. 5], ["Statement of Claim, paragraph (2)"].)

Based on the foregoing allegations, Plaintiff is seeking the following relief:

> "Appoint a jury to decide an award and appoint counsel. An award to compensate for special and general damages. & Hedonic"

(Complaint, p. 3, "Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue a governmental entity, i.e., the University of Minnesota Crookston, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the plaintiff's pleading in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable

claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the caption of Plaintiff's complaint indicates that he is attempting to sue the named Defendant under 42 U.S.C. § 1983. To plead an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's current complaint fails to state an actionable § 1983 civil rights claim, because he has not alleged any facts showing that the named Defendant violated his rights under any specific clause of the federal Constitution. In fact, the complaint never mentions the Constitution or any constitutional provision.[1] More importantly, perhaps, the complaint does not adequately describe any specific act or omission by the named Defendant that could support any claim against Defendant under any conceivable legal theory. Thus, the

---

[1] It appears that Plaintiff might be attempting to sue Defendant for "medical negligence," which is a state common law tort claim – not an actionable § 1983 civil rights claim. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). See also Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (in civil rights actions "[t]o state a claim based on inadequate medical treatment ... [t]he plaintiff must show more than negligence, more even than gross negligence").

Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

The Court further notes that the named Defendant, University of Minnesota Crookston, appears to be an agency of the State of Minnesota, which is immune from suit in federal court under the Eleventh Amendment. See Treleven v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996) ("[w]e previously have determined that the University of Minnesota is an instrumentality of the state and entitled to share in the state's Eleventh Amendment immunity"). The Eleventh Amendment provides that states and their agencies are immune from suit in federal court, unless the state has consented to be sued, or Congress has abrogated the state's immunity by some express statutory provision. Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). Plaintiff has not alleged that Congress has abrogated the State's Eleventh Amendment immunity with respect to the claims that he is attempting to bring in this case, and there is no indication that the named Defendant has waived its immunity and consented to be sued here. Thus, the Court finds that Defendant University of Minnesota Crookston must be constitutionally immune from Plaintiff's present lawsuit.

### III. CONCLUSION

For the reasons discussed above, the Court will recommend that this action be dismissed pursuant to § 1915A(b). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 statutory filing fee.[2] To date, he has paid

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states

4

$6.77, so he still owes $343.23. Prisoner officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Having determined that this action must be summarily dismissed, the Court will also recommend that Plaintiff's collateral motion to appoint counsel, (Docket No. 4), be denied.

Finally, because Plaintiff has failed to state a cause of action on which relief can be granted, the Court will recommend that the dismissal of this action be counted as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 8), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the court filing fee, namely $343.23, in accordance with 28 U.S.C. § 1915(b)(2);

4. Plaintiff's motion to appoint counsel, (Docket No. 4), be **DENIED**; and

---

that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action").

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Dated: September 18, 2013

    s/Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before October 2, 2013, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.